IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,793-01






EX PARTE MICHAEL SENIOR, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 296-80054-03 IN THE 296TH DISTRICT COURT

FROM COLLIN COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of aggravated assault, and punishment was assessed at twenty (20)
years' confinement. Applicant's conviction was affirmed on appeal. Senior v. State, No. 05-04-00297-CR (Tex. App. -- Dallas, delivered, March 2, 2005, no pet.).

 Applicant contends that he received ineffective assistance of counsel, in that counsel
did not contact an alibi witness as requested by Applicant, and the alibi witness would have
testified to Applicant's whereabouts during the incident. Applicant contends that a defense
of alibi was his only viable defense to the charged offense.

 The trial court has entered an order concluding that "Applicant has not raised any
controverted, previously unresolved facts material to the legality of his conviction." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. The trial court shall resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
defense counsel, or it may hold a hearing. In the appropriate case, the trial court may rely on
personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel did or should have conducted a more thorough investigation of an alibi
witness, including whether counsel was made aware of this witness prior to trial and whether
counsel investigated this witness, the results of counsel's investigation, if any, whether
counsel attempted to contact this witness, and counsel's reasons, if any, for not contacting
this witness or calling this witness at trial. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing all affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 1st day of February 1, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.